IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALEX QUINTERO,
and all others similarly situated,

    Plaintiffs,

v.                                    C.A. No.:   3:22-cv-1883
                                          **COLLECTIVE ACTION**

XL AUTO PARTS, LLC,
D/B/A XL AUTO PARTS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEX QUINTERO (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sue Defendant, XL AUTO PARTS, LLC, D/B/A XL AUTO PARTS, (hereinafter sometimes referred to as "Defendant"), and in support thereof state as follows:

### SUMMARY

1. Defendant operates an automobile parts distribution enterprise with locations in Louisiana, Oklahoma and Texas. The Defendant failed to pay ALEX QUINTERO and other Store Managers the appropriate overtime wages pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is a collective action by Plaintiff and others similarly situated against his employers for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.   Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant has offices Dallas County, Texas.

## THE PARTIES

5. Defendant XL AUTO PARTS, LLC, D/B/A XL AUTO PARTS, is a limited liability company formed and existing under the laws of the State of Delaware and maintains an office or location in Dallas County, Texas.

6. Plaintiff is an individual residing in Dallas County, Texas.

7. Plaintiff, ALEX QUINTERO, was employed by Defendant from 2017 to the present.

8. Defendant employed Plaintiff as a "Store Manager."

9. During his work as a Store Manager, Defendant required Plaintiff and all other Store Managers to work unpaid overtime hours for which they were not properly compensated. Plaintiff typically worked near or in excess of 50 hours each workweek but was not paid overtime for his work in excess of 40 hours in the workweek, resulting in unpaid overtime wages. Plaintiff rotated weekends off, thus, one work week Plaintiff's schedule was 9:00 a.m. until 6:45 p.m. (often leaving after 7:00 p.m.), Monday through Friday (48.75 hours), and the following week Plaintiff's schedule was 9:00 a.m. until 6:45p.m. (often leaving after 7:00 p.m.), Monday through Friday, and 7:30 a.m. until 5:45 p.m. on Saturday (59 hours).

10. Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

11. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the

production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material to this Complaint, Defendant was the employer of the Plaintiff and others similarly situated employees and, as a matter of economic reality, Plaintiff and the class members were dependent upon Defendant for their employment.

14. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities.

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

15. Plaintiff and all others similarly situated, 1) occupied positions as Store Managers; 2) did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive overtime pay for all hours worked over 40 in a week.

16. Throughout the employment of Plaintiff and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

   ALL CURRENT OR FORMER EMPLOYEES OF XL AUTO PARTS, LLC, D/B/A XL AUTO PARTS, WHO WORKED AS STORE MANAGER AND WERE NOT PAID TIME AND ONE-HALF THEIR REGULAR RATE FOR ALL HOURS WORKED IN EXCESS OF 40 IN THE WORKWEEK.

18. This action is properly brought by the Plaintiff as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, experienced class action counsel represents Plaintiff.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the

    interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

  g.  Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

19. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all overtime claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

20. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

21. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

22. Defendant either knew about or showed reckless disregard for the matter of whether it conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

23. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff,

and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

24. As a result of Defendant's unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ALEX QUINTERO, and all others similarly situated, demand Judgment against Defendant for the following:

    a. A determination that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members.

    b. Ordering prompt notice of this litigation to all potential Class Members.

    c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity.

    d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law.

    e. Awarding Plaintiff and Class Members their pre-judgment, moratory

interest as provided by law, should liquidated damages not be awarded.

f.  Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law.

g.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ALEX QUINTERO, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this August 25, 2022.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

Steven R. Samples
Texas Bar No. 24086348
(Local Counsel)
Samples Ames PLLC
460 W Harwood Rd.
Hurst, TX   76054
(214) 308-6505 Telephone
(855) 605-1505 Facsimile

**ATTORNEYS FOR PLAINTIFF**