IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX QUINTERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-01883-M |
| | § | |
| XL PARTS LLC d/b/a XL PARTS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER GRANTING JOINT MOTION FOR COURT APPROVAL OF
FLSA COLLECTIVE ACTION SETTLEMENT**

Before the Court is the Joint Motion for Court Approval of FLSA Collection Action Settlement, filed by Plaintiff Alex Quintero, individually and on behalf of others similarly situated, and Defendant XL Parts LLC d/b/a XL Parts.[1]  ECF No. 34.

Although Court approval of the private resolution of a putative collective action brought under the Fair Labor Standards Act (FLSA) is not strictly required in the Fifth Circuit, the Parties moved the Court for approval of their proposed Settlement Agreement.  *See Martin v. Spring Break '84 Productions*, 688 F.3d 247, 249 (5th Cir. 2012).  The Court has reviewed the pleadings in this case, the Parties' Joint Motion for Court Approval of FLSA Collective Action Settlement, and the exhibits to the Parties' Joint Motion.  Having scrutinized the submitted documents and the information contained in them, the Court believes that there exists a bona fide dispute as to the application of the relevant provisions of the FLSA and the underlying facts. The Court also finds that the settlement reflects a fair and reasonable resolution of these bona fide disputes.

---

[1] Plaintiff originally named XL Auto Parts, LLC as the defendant in this suit.  ECF No. 1.  Defendant represents in its Answer that the correct legal name for defendant is XL Parts LLC d/b/a XL Parts.  ECF No. 9 at 1 n.1.

The Joint Motion is **GRANTED**. The Court **APPROVES** the settlement in this case, and **ORDERS** that notice be provided to the Putative Class Members, consistent with the terms of the Settlement Agreement.

The Court **ORDERS** that this case be **DISMISSED, WITH PREJUDICE**, with costs taxed as paid for court administration purposes, and attorneys' fees and costs paid by the Settlement Administrator in accordance with the terms of the Parties' Settlement Agreement. The Court further **ORDERS** that, except for any other currently pending lawsuit or claim by any Plaintiff, and any and all claims arising out of events occurring after the date of the execution of the Settlement Agreement, all claims of any Plaintiff or Opt-In Plaintiffs will be forever barred from asserting any claims against Defendant XL Parts LLC under the FLSA relating to their employment.

**SO ORDERED**.

August 29, 2023.

_signature_
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE